UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT DAVID DAVIS**<br>    **LA. DOC #1596062**<br>**VS.** | **CIVIL ACTION NO. 3:16-CV-0740**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **OUACHITA PARISH**<br>**CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Robert David Davis, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 26, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), a pre-trail detainee at Ouachita Correctional Center ("OCC") at the time of filing. He has since been transferred to the Madison Parish Correctional Center. He alleged that while incarcerated at OCC, he was being denied his full share of food. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Plaintiff has asserted that from the time of his arrest on April 21, 2016, through the date of his initial filing, several deputies, the named defendants, gave "2-10 extra trays" of food to certain inmates while others, including himself, had "barely food" on their trays. [Rec. Doc. 5, p.3] He asserts that as a result, he lost weight and suffered tooth infections, bowel problems and sores in his mouth. [Rec. Doc. 10, p.1]

On September 14, 2016, this Court ordered plaintiff to amend his complaint to provide medical records, copies of sick call requests and/or approximate dates and results of requests and his approximate weight in April 2016 and his current approximate weight. [Rec. Doc. 11, p. 2] On October 25, 2016, plaintiff filed an Amended Order. [Rec. Doc. 12] Pursuant to this filing, he informed the Court that while his weight in April was 200 pounds, dropping to approximately 170 pounds by July, as of October 2016, he has returned to his original 200 pound weight, attributing the rebound in his weight to the fact that since the institution of the instant suit, "food started to be appropriate portions on trays." *Id.* at 1.

Further, while stating that he made at least 4-5 sick calls from May-July, he never received a response; he does not have copies of these requests. *Id.* He asserts that he has not been seen by a doctor as a result of this lawsuit being filed and states that he plans to visit a doctor upon his release, scheduled for February 8, 2017. *Id.*

### *Law and Analysis*

1. **Screening**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);  28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court

shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another

opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 2. Food

Plaintiff complains that from April-July 2016, he was given small portions of food which caused him to lose between 10-30 pounds during that time period. [See Rec. Doc. 10, p.1; Rec. Doc. 12, p. 1] The Constitution mandates that inmates be provided " 'well-balanced meal[s], containing sufficient nutritional value to preserve health.' " *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir.1996) (per curiam ) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). Whether the deprivation of food falls below the constitutional threshold depends on the amount and duration of the deprivation. *See Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotations omitted). In fact, even on a regular, permanent basis, two meals a day may be adequate. *See Green*, 801 F.2d at 770–71.

The Fifth Circuit, in *Talib*, addressing a claim of malnutrition by a prisoner who alleged he missed "fifty meals in five months and lost about fifteen pounds," relied on *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078 (1991) in finding that the prisoner's allegations did not rise to the level of a constitutional violation. In *Cooper*, the plaintiff alleged that prison officials refused to feed him any food for twelve consecutive days. Given the clearly substantial nature of this deprivation, the court held that "Cooper's assertion that he was continuously deprived of food presents a set of facts that may entitle him to relief." *Id.* at 1083. Relying on this analysis, the *Talib* Court found, on the other hand that Talib has not alleged a continuous and substantial denial of food,

nor did the record support such an inference. "Thus, the unique circumstances controlling the *Cooper* case—the complete deprivation of food over an extended period of time—are simply not present in this case." *Talib*, 138 F.3d 211, 214 n. 3.  Similarly, plaintiff in the instant matter has alleged that over a 3-4 month period, he lost approximately 10-30 pounds due to small portion sizes and that he suffered injury as a result. However, admittedly he has since gained back this weight. A 200 pound man losing 10-30 pounds over a 3-4 month period cannot be considered a result of being denied a "minimal measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981).  Plaintiff has offered only conclusory allegations that for a brief time, he his portions were inadequate.  His claim is frivolous.

### *3. Retaliation*

Plaintiff has also made allegations of retaliation for the filing of the instant civil suit.

To prevail on the claim for retaliation under Section 1983, a civil rights plaintiff must prove (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which, in this context means that, but for the retaliatory motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 2331 (5th Cir.1998). The prisoner must produce direct evidence of motivation, or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir.1995).  The plaintiff must allege more than just his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1999).

Here, plaintiff seems to allege that he has not received responses to sick calls and was not taken to a parole hearing on October 2016, as an act of retaliation triggered by the filing of the

5

instant complaint.  Plaintiff has failed to establish causation as required by the jurisprudence. As noted above, plaintiff must allege facts to demonstrate that "but for" the exercise of his constitutional right, the alleged retaliatory adverse act would not have occurred. While he "believes" that he has not received responses to sick calls and was not taken to a parole hearing on October 2016 in retaliation for filing the instant suit, this claim fails as he "must allege more than just his personal belief that he is the victim of retaliation." *See Johnson, supra.* Thus, plaintiff fails to state a claim for which relief may be granted

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 17, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**